**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**

| | |
|---|---|
| **MICHAEL A. CRABTREE, as CHIEF EXECUTIVE OFFICER OF THE CENTRAL PENSION FUND OF THE INTERNATIONAL UNION OF OPERATING ENGINEERS AND PARTICIPATING EMPLOYERS**<br>4115 Chesapeake Street, N.W.<br>Washington, D.C. 20016,<br><br>      **Plaintiff,**<br><br>  v.<br><br>**WW CONTRACTORS, INCORPORATED**<br>3605 Garth Manor Court,<br>Woodstock, Maryland 21163,<br><br>  Serve: Resident Agent<br>      Warren J. Wiggins<br>      3605 Garth Manor Court,<br>      Woodstock, Maryland 21163,<br><br>      **Defendant.** | )<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) |

**COMPLAINT**

**(TO COLLECT CONTRIBUTIONS AND DAMAGES**
**DUE TO EMPLOYEE PENSION BENEFIT FUND)**

Plaintiff, pursuant to Federal Rule of Civil Procedure 8(a), hereby alleges the following:

**PARTIES**

1. Plaintiff, Michael A. Crabtree, is the Chief Executive Officer of the Central Pension Fund of the International Union of Operating Engineers and Participating Employers (hereinafter "Central Pension Fund"). The Central Pension Fund is an employee pension benefit plan as that term is defined in Section 3(2) of the Employee Retirement Income Security Act of 1974 ("ERISA"), 29 U.S.C. § 1002(2). The Central

Pension Fund is a multiemployer plan as that term is defined in Section 3(37) of ERISA, 29 U.S.C. § 1002(37).  The Central Pension Fund was established and is maintained in accordance with its Restated Agreement and Declaration of Trust.  The Central Pension Fund is administered by the Trustees at 4115 Chesapeake Street, N.W., Washington, D.C. 20016.  The Plaintiff, Michael A. Crabtree, Chief Executive Officer of the Central Pension Fund, is a designated fiduciary in accordance with the Central Pension Fund's Restated Agreement and Declaration of Trust and as defined in Section 3(21) of ERISA, 29 U.S.C. § 1002(21).  The Central Pension Fund is funded as required by collective bargaining agreements between participating employers and local unions affiliated with the International Union of Operating Engineers.

2.  Defendant WW Contractors, Incorporated is a Maryland corporation with an office located at 3605 Garth Manor Court, in Woodstock, Maryland, and at all times relevant to this action has been an "employer in an industry affecting commerce" as defined in Sections 3(5), (9), (11), and (12) of ERISA, 29 U.S.C. §§ 1002(5), (9), (11) and (12), and Section 3 of the Multi-Employer Pension Plan Amendments Act of 1980, 29 U.S.C. § 1001a.

## JURISDICTION AND VENUE

3.  This is an action to collect contributions due to an employee pension benefit plan under the terms of a collective bargaining agreement and a trust agreement.  This Court has subject matter jurisdiction under §§ 502(a)(3), (g) and 515 of ERISA, 29 U.S.C. §§ 1132(a)(3), (g) and 1145.

4.  This Court has personal jurisdiction over the Defendant pursuant to Section 502 of ERISA, 29 U.S.C. § 1132(e)(2).

5. Venue is proper in this district pursuant to Section 502(e)(2) of ERISA, 29 U.S.C. § 1132(e)(2).

**FACTS**

6. Defendant has been bound at all relevant times to Collective Bargaining Agreements with International Union of Operating Engineers Local Union Nos. 99, 406, 564, and 953 ("Agreements") that govern the wages, benefits and terms and conditions of employment of certain employees performing work for the Defendant within the jurisdictions of the Local Unions.

7. Pursuant to the Agreements, the Defendant agreed to pay certain sums of money to the Plaintiff for certain hours worked by employees of the Defendant performing work covered by the Agreements.

8. Pursuant to the Agreements, the Defendant agreed to be bound by the Plaintiff's Restated Agreement and Declaration of Trust.

9. During the period of February 2017 to October 2019 the Defendant employed employees performing work covered by the Agreements.

10. During the period of February 2017 through October 2019 the Defendant failed to report and pay all contributions owing to the Plaintiff as required by the Agreements.

11. Pursuant to the Plaintiff's Restated Agreement and Declaration of Trust, an employer who fails to pay required contributions is liable for liquidated damages in the amount of 20% of the total contributions owed.

12. Pursuant to the Plaintiff's Restated Agreement and Declaration of Trust, an employer who fails to pay required contributions is liable for interest at the rate of 9% per annum.

13. Pursuant to the Plaintiff's Restated Agreement and Declaration of Trust, an employer who fails to pay required contributions is liable for all attorneys' fees, audit fees and costs.

## COUNT I

### (UNPAID CONTRIBUTIONS OWED TO EMPLOYEE BENEFIT FUND)

14. Plaintiff hereby restates and incorporates by reference the allegations set forth in paragraphs 1 through 13 as if fully set forth in this Count I.

15. The Defendant has failed to report and pay contributions owed to the Plaintiff as required by the Agreements on account numbers 213119, 214493, 230788, 231143, 231488, 200719, and 230090 for the period of February 2017 through October 2019. The exact amount of contributions due is unknown, but based on previous reports prepared by the Defendant for these accounts, the Plaintiff estimates the amount of contributions owed is approximately $475,256.50.

16. By virtue of the failure to pay contributions as contractually required, the Defendant is in contravention of the Agreements and the obligations under the Plaintiff's Restated Agreement and Declaration of Trust, and Section 515 of ERISA.

17. The Defendant has failed to pay liquidated damages and interest for unpaid contributions owed to the Plaintiff.

18. The Plaintiff is entitled to judgment for all contributions owed, plus all liquidated damages and interest owed on unreported and unpaid contributions, plus costs and attorneys' fees to the date of judgment.

19. The Plaintiff will seek a judgment in this action against the Defendant for all contributions, interest, liquidated damages and attorneys' fees and costs which become due,

or are estimated to be due, subsequent to the filing of this action, during the pendency of this action, and up to the date of judgment.

**WHEREFORE,** Plaintiff prays judgment for Count I against the Defendant as follows:

A.  For unpaid contributions due and owing to the Plaintiff during the period of February 2017 through October 2019 for unreported work performed pursuant to the Agreements within the jurisdictions of International Union of Operating Engineers Local Union Nos. 99, 406, 564, and 953.

B.  For liquidated damages and interest for any late paid and unpaid contributions owed as provided for in the Agreement and Restated Agreement and Declaration of Trust and pursuant to 29 U.S.C. § 1132(g)(2) through the date of judgment.

C.  For such contributions, interest and liquidated damages that may accrue and/or are found to be due and owing to the Plaintiff subsequent to the filing of this Complaint, during the pendency of this action, and up to the date of judgment pursuant to the Agreements, Restated Agreement and Declaration of Trust and 29 U.S.C. § 1132(g)(2).

D.  Costs and reasonable attorneys' fees as required by 29 U.S.C. § 1132(g)(2), the Agreement and the Restated Agreement and Declaration of Trust through the date of judgment.

E.  Such further relief as the Court deems appropriate.

Respectfully submitted,

Dated: <u>November 6, 2019</u>    By:    <u>/s/ Charles W. Gilligan</u>
Charles W. Gilligan (Bar No. 394710)
**O'DONOGHUE & O'DONOGHUE LLP**
5301 Wisconsin Avenue, N.W., Suite 800
Washington, D.C. 20015
Telephone: (202) 362-0041
Facsimile: (202) 237-1200

*Attorneys for the Plaintiffs*

# **CERTIFICATE OF SERVICE**

I hereby certify that I caused a true and correct copy of the foregoing Complaint to be served by certified mail in accordance with the requirements of Section 502(h) of the Employee Retirement Income Security Act of 1974, 29 U.S.C. § 1132(h) this 6th day of November, 2019 on the following:

> The Office of Division Counsel
> Associate Chief Counsel (TE/GE) CC:TEGE
> Room 4300
> 1111 Constitution Avenue
> Washington, DC  20224
>
> Secretary of Labor
> 200 Constitution Ave., N.W.
> Washington, DC  20210
>
> Attention:  Assistant Solicitor for
>             Plan Benefits Security

/s/ Charles W. Gilligan
Charles W. Gilligan